UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

TERESA SUE RILEY,

Plaintiff,

v.

LONESOME PINE DINING, INC.,
DEBRA K. RIGGS a/k/a DEBRA TANKERSLEY
RIGGS a/k/a DEBBY RIGGS, and
TIMOTHY RIGGS a/k/a TIM RIGGS,

Defendants.

_____/

CASE NO.: 1:23cv00036

JURY TRIAL DEMANDED

# COMPLAINT

Plaintiff TERESA SUE RILEY ("Plaintiff" or "Ms. Riley") files this Complaint against Defendants LONESOME PINE DINING, INC. ("Defendant" or "Lonesome Pine"), DEBRA K. RIGGS a/k/a DEBRA TANKERSLEY RIGGS a/k/a DEBBY RIGGS ("Debby Riggs"), and TIMOTHY RIGGS a/k/a TIM RIGGS ("Tim Riggs"), and states as follows:

## NATURE OF THE ACTION

1. Ms. Riley brings this action against Lonesome Pine, Debby Riggs, and Tim Riggs for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29, the Virginia Minimum Wage Act, Va. Code Ann. § 40.1-28.8, *et seq.*, the Virginia Overtime Wage Act, Va. Code Ann. § 40.1-29.2 (2021), common law fraud, the Virginia Whistleblower Protection Act, Va. Code Ann. § 40.1-27.3, and common law wrongful discharge in violation of public policy.

2. Ms. Riley was employed by Lonesome Pine at its Huddle House location in Pennington

Gap, Virginia (store number 0628) as a waitress and cook from approximately October 5, 2021 until on or about December 1, 2022.

3. During the course of her employment, Lonesome Pine and its owners and controllers, Tim Riggs and Debby Riggs, repeatedly failed to pay Ms. Riley the applicable minimum wage, failed to pay her for all hours that she worked, stole her tips, and routinely modified Ms. Riley's time sheets.

## JURISDICTION AND VENUE

4. This lawsuit is brought pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* This court has subject matter jurisdiction over this action under 28 U.S.C. § 1331.

5. This court has supplemental jurisdiction over Ms. Riley's state law claims under 28 U.S.C. § 1367.

6. Venue is proper in this judicial district as the events giving rise to this action occurred within this district.

## PARTIES

7. Plaintiff is an adult citizen of the Commonwealth of Virginia and resides in Lee County, Virginia.

8. Defendant Lonesome Pine is a Virginia Corporation having its principal place of business at 4609 Aerial Way, Big Stone Gap, VA, 24219.

9. Defendant Debby Riggs is a citizen of Virginia and an owner of Lonesome Pine. Defendant Riggs resides at 358 Sharon Dr., Gate City, Virginia.

10. Defendant Tim Riggs is a citizen of Virginia and an owner of Lonesome Pine. Defendant Riggs resides at 358 Sharon Dr., Gate City, Virginia.

11. At all relevant times herein, Lonesome Pine was both an employer and enterprise as defined by the FLSA, 29 U.S.C. § 203, and was an employer as defined by applicable state law.

12. At all relevant times herein, Debby Riggs and Tim Riggs were both employers as defined by the FLSA and applicable state law.

13. At all relevant times herein, Ms. Riley was an employee as defined by the FLSA, 29 U.S.C. § 203, and applicable state laws.

## FACTUAL ALLEGATIONS

14. Ms. Riley was employed by Lonesome Pine as a waitress and a cook.

15. Ms. Riley's employment with Lonesome Pine began on or around October 6, 2021.

16. Lonesome Pine repeatedly failed to pay Ms. Riley for all hours she worked during her tenure with the company.

17. Lonesome Pine repeatedly failed to pay Ms. Riley proper wages, including proper minimum wages and overtime for all hours she worked during her tenure with the company.

18. On many occasions, Ms. Riley's tip money was taken from her by her managers at Lonesome Pine, including but not limited to Mr. Vincent Justice, Mr. Ronald Goins, and Ms. Heather Gardiner.

19. These same managers for Lonesome Pine frequently would alter the amounts of Ms. Riley's sales in the Aloha point of sale system so that her low tips would not appear unusual.

20. The FLSA provides that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B).

21. Ms. Riley's hours were also deleted from Lonesome Pine's payroll system on multiple occasions, especially for shifts where she worked as a cook rather than as a server.

22. Heather Wade a/k/a Heather Gilliam a/k/a Heather Gardiner ("Heather Gardiner"), a manager with Lonesome Pine, frequently required Ms. Riley to work off-the-clock and then claimed Ms. Riley's hours as her own.

23. Debby Riggs and others falsified Ms. Riley's paystubs and payroll records to indicate that she had been paid money that she was never in fact paid, by including amounts in the "year to date" totals that she had never received.

24. Ms. Riley complained about these wage violations repeatedly to Justice, Gardiner, Debby Riggs, and Lonesome Pine's third-party point of sale system provider, among others.

25. Manager BJ Richardson had warned Ms. Riley and others not to make complaints to Debby Riggs.

26. In retaliation for Ms. Riley's protected activity, Lonesome Pine terminated Ms. Riley's employment.

27. Defendants have previously been investigated and fined by federal and/or state agencies for similar actions and have continued to willfully violate wage and hour laws.

## CLAIMS FOR RELIEF

### COUNT I

Violation of the Fair Labor Standards Act

29 U.S.C. § 201 *et seq.*

28. Ms. Riley incorporates by reference all prior paragraphs of this Complaint.

29. Lonesome Pine failed to pay Ms. Riley for all hours she worked and failed to pay her the prevailing minimum wage and required overtime wages as defined by the FLSA.

30. Ms. Riley's hours were deleted from Lonesome Pine's payroll system, contributing to her not being paid for all hours worked, in violation of the FLSA.

31. Defendants and their manager employees unlawfully kept Ms. Riley's tips.

32. Ms. Riley engaged in protected activity under the FLSA.

33. Defendants terminated Ms. Riley in retaliation for her protected activity.

34. The actions of Lonesome Pine and its owners, Debby and Tim Riggs, are willful and in reckless disregard for the rights of Ms. Riley under the FLSA.

35. Defendants are liable to Ms. Riley for their violations of the FLSA.

36. As a direct and proximate result of Lonesome Pine's actions, Ms. Riley has suffered and will continue to suffer the following harms:

   a. Lost wages in an amount to be determined at trial;

   b. Lost tips in an amount to be determined at trial;

   c. Lost benefits in an amount to be determined at trial;

   d. Future lost wages and benefits, in an as yet unliquidated amount;

   e. Emotional distress and humiliation.

## COUNT II

Violation of the Virginia Wage Payment Act

Va. Code Ann. § 40.1-29, *et seq.*

37. Ms. Riley incorporates by reference all prior paragraphs of this Complaint.

38. Lonesome Pine's failure to pay Ms. Riley for all hours worked is in direct violation of the Virginia Wage Payment Act.

39. Defendants further violated the Virginia Wage Payment Act by stealing her tips.

40. Ms. Riley engaged in protected activity under the Virginia Wage Payment Act.

41. Defendants terminated Ms. Riley in retaliation for her protected activity.

42. The actions of Defendants are willful and in reckless disregard for the rights of Ms. Riley

under the Virginia Wage Payment Act.

43. Defendants are liable to Ms. Riley for their violations of the Virginia Wage Payment Act.

44. As a direct and proximate result of Lonesome Pine's actions, Ms. Riley has suffered and will continue to suffer the following harms:

   a. Lost wages in an amount to be determined at trial;

   b. Lost tips in an amount to be determined at trial;

   c. Lost benefits in an amount to be determined at trial;

   d. Future lost wages and benefits, in an as yet unliquidated amount;

   e. Emotional distress and humiliation.

## COUNT III

Violation of the Virginia Minimum Wage Act

Va. Code Ann. § 40.1-29.2

45. Ms. Riley incorporates by reference all prior paragraphs of this Complaint.

46. As described in Paragraph 13, Defendants failed to pay Ms. Riley the prevailing minimum wage that was required by the Virginia Minimum Wage Act.

47. Ms. Riley engaged in protected activity under the Virginia Minimum Wage Act.

48. Defendants terminated Ms. Riley in retaliation for her exercise of protected activity.

49. The actions of Defendants are willful and in reckless disregard for the rights of Ms. Riley under the Virginia Minimum Wage Act.

50. Defendants are liable to Ms. Riley for their violations of the Virginia Wage Payment Act.

51. As a direct and proximate result of Lonesome Pine's actions, Ms. Riley has suffered and will continue to suffer the following harms:

   a. Lost wages in an amount to be determined at trial;

 b.  Lost benefits in an amount to be determined at trial;

 c.  Future lost wages and benefits, in an as yet unliquidated amount;

 d.  Emotional distress and humiliation.

## COUNT IV

### Violation of the Virginia Overtime Wage Act

Va. Code Ann. § 40.1-293

52. Ms. Riley incorporates by reference all prior paragraphs of this Complaint.

53. Lonesome Pine failed to pay Ms. Riley time-and-a-half wages for hours worked in excess of 40 per week.

54. Ms. Riley engaged in protected activity when she complained about Defendants' unlawful actions.

55. Defendants terminated Ms. Riley in retaliation for her protected activity.

56. The actions of Defendants are willful and in reckless disregard for the rights of Ms. Riley under the Virginia Overtime Wage Act.

57. Defendants are liable to Ms. Riley for violation of the Virginia Overtime Wage Act.

58. As a direct and proximate result of Defendants' actions, Ms. Riley has suffered and will continue to suffer the following harms:

 a.  Lost wages in an amount to be determined at trial;

 b.  Lost benefits in an amount to be determined at trial;

 c.  Future lost wages and benefits, in an as yet unliquidated amount;

 d.  Emotional distress and humiliation.

## COUNT V

### Common Law Fraud

59. Ms. Riley incorporates by reference all prior paragraphs of this Complaint.

60. Lonesome Pine, through its managers, intentionally altered Ms. Riley's timesheets and tip records with the intent to deceive and defraud her.

61. These alterations made by Lonesome Pine, through its managers, constitute a false representation of material fact.

62. Lonesome Pine, through its managers, knew that these representations were false, or, in the alternative, made the representations with reckless indifference to their truthfulness.

63. Lonesome Pine, through its owners and managers, made these representations with the intent to deceive Ms. Riley.

64. Ms. Riley relied upon these fraudulent records to her detriment, including in the tax returns she filed and in continuing to work for Defendants.

65. As a result of Defendants' fraudulent conduct, Ms. Riley has suffered damages.

## COUNT VI

### Virginia Whistleblower Protection Law

Va. Code Ann. § 40.1-27.3

66. Ms. Riley incorporates by reference all prior paragraphs of this Complaint.

67. Ms. Riley made good-faith complaints to Defendants and third parties of actions in violation of the FLSA and various state laws, as set forth above.

68. Ms. Riley actively advocated for pay she was due under these laws.

69. Defendants retaliated against Ms. Riley by terminating her employment.

70. As a result of Defendants' retaliatory conduct, Ms. Riley has suffered and will continue

to suffer the following harms:

a) Lost wages in an amount to be determined at trial;

b) Lost benefits in an amount to be determined at trial;

c) Future lost wages and benefits, in an as yet unliquidated amount;

d) Emotional distress and humiliation.

## COUNT VII

### Common Law Wrongful Discharge in Violation of Public Policy

71. Ms. Riley incorporates by reference all prior paragraphs of this Complaint.

72. Ms. Riley made complaints to Defendants and third parties of actions in violation of the FLSA and various state laws, as set forth above.

73. Ms. Riley actively advocated for pay she was due under these laws.

74. In enacting the Virginia Wage Payment Act, Virginia Minimum Wage Act, and Virginia Overtime Wage Act, the Virginia General Assembly has established a public policy in favor ensuring that employees promptly receive the full amount of compensation they are due for their work.

75. Ms. Riley is within the class of people the aforementioned laws seek to protect.

76. Defendants wrongfully discharged Riley in violation of the public policies expressed in the aforementioned laws by terminating Riley in retaliation for her reports of and opposition to violations of these laws.

77. The conduct of Defendants justifies the imposition of punitive damages.

78. As a result of Defendants' retaliatory conduct, Ms. Riley has suffered and will continue to suffer the following harms:

e) Lost wages in an amount to be determined at trial;

    f) Lost benefits in an amount to be determined at trial;

    g) Future lost wages and benefits, in an as yet unliquidated amount;

    h) Emotional distress and humiliation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Teresa Sue Riley respectfully requests that this Honorable Court enter judgment against the Defendants providing the following relief:

    A. Awarding back pay, lost tips, benefits, and other special damages to the Plaintiff;

    B. Awarding statutory liquidated damages;

    C. Awarding statutory treble damages under the Virginia Wage Payment Act and the Overtime Wage Act;

    D. Awarding non-pecuniary compensatory damages, including but not limited to emotional distress and humiliation to the Plaintiff;

    E. Awarding the Plaintiff front pay in lieu of reinstatement;

    F. Awarding punitive damages to the Plaintiff;

    G. Awarding pre-judgment and post-judgment interest to the Plaintiff;

    H. Awarding attorney's fees and costs to the Plaintiff;

    I. Awarding such other relief as the Court may deem just and equitable.

Respectfully submitted this 4th day of October, 2023.

PLAINTIFF TERESA SUE RILEY

By Counsel

s/ *Alexis I. Tahinci*
Alexis I. Tahinci (VSB #85996)
Tahinci Law Firm PLLC
105 Ford Ave., Suite 3

Kingsport, TN 37663
Ph: (423) 406-1151
F: (423) 815-1728
alexis@tahincilaw.com
COUNSEL FOR PLAINTIFF